**Jay VANSCOY, Plaintiff,**

v.

**Randall HICKS, Defendant.**

**Civ. A. No. 87–T–926–N.**

United States District Court,
M.D. Alabama, N.D.

March 7, 1988.

Jay Vanscoy, Capshaw, Ala., pro se.

Don Siegelman, Atty. Gen., Alice Ann Wilhelm, Asst. Atty. Gen., Montgomery, Ala., for defendant.

### MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

Plaintiff Jay Vanscoy, an Alabama state prisoner, has brought this lawsuit charging that defendant Randall Hicks, a prison official, violated his right to freedom of religion. Vanscoy's lawsuit is premised on 42 U.S.C.A. § 1983, and the court's jurisdiction is invoked pursuant to 28 U.S.C.A. §§ 1331, 1343. Based on the evidence presented at a non-jury trial on January 5, 1988, the court finds that Vanscoy should recover $50 in damages from Hicks.

### I.

Vanscoy was the only one to testify at trial. Hicks did not appear, and his counsel did not call any witnesses in his behalf. The facts, as told by Vanscoy, were as follows:

On July 10, 1987, at approximately 4:10 p.m., Vanscoy, an inmate at Draper Correctional Facility, returned from a work farm and attempted to enter the prison chapel. As he was about to enter, Hicks ordered him to get away from the door and to go to his cell for chow. Vanscoy attempted to explain that he desired to enter the chapel, but Hicks refused to allow Vanscoy to make an explanation. Vanscoy complied with Hicks's order, but as he was leaving he called Hicks a "sissyfied something." Chow was not at that time, but much later.

### II.

There is no question but that prisoners retain the first amendment right to the free exercise of religion, which includes the right to enter a place of worship and participate in a religious activity. *O'Lone v. Estate of Shabazz,* ─── U.S. ───, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987). However, a prison regulation that impinges on this right may be valid if it is "reasonably related to legitimate penological interests," *O'Lone,* ─── U.S. at ───, 107 S.Ct. at 2404, *quoting Turner v. Safley,* ─── U.S. ───, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987); this requirement is met when there is "a 'valid, rational connection' between the prison regulation and the legitimate government interest put forward to justify it." *Turner,* ─── U.S. at ───, 107 S.Ct. at 2262, *quoting Block v. Rutherford,* 468 U.S. 576, 586, 104 S.Ct. 3227, 3232, 82 L.Ed. 2d 438 (1984).

Vanscoy has established that Hicks denied him the right to enter the chapel, and thereby implicated his first amendment right to the free exercise of religion. Hicks, through his attorney, has, however, responded with the reason that Vanscoy was not allowed to enter the chapel because it was dinner time. It is without question that a rule limiting use of the chapel during dinner time is valid—that is, it is reasonably related to a legitimate penological interest. *See O'Lone, supra.* Vanscoy is, however, not challenging the rule; rather, he is contending, and has convincingly shown, that the circumstances were not such that the rule could have been reasonably applied. He has, in other words, established that the reason given by Hicks was a pretext because dinner was not being served at that time, and Hicks knew this. Vanscoy has therefore met his ultimate burden of showing by a preponderance of the evidence that his first amendment right was violated.

### III.

Vanscoy is entitled to compensatory damages for this violation of his first amendment right if he was actually injured as a result. *Memphis Community School District v. Stachura,* 477 U.S. 299, 305–08, 106 S.Ct. 2537, 2542–43, 91 L.Ed.2d 249 (1986). Vanscoy suffered an actual injury. But for Hicks's refusal to let him enter the chapel, he would have been able to exercise

freely his religion in a manner protected by the first amendment. *Id.* at 309–11 nos. 13 & 14, 106 S.Ct. at 2544–45 nos. 13 & 14. *Id.* at 313, 106 S.Ct. at 2546 (Marshall, J. concurring). It is of course difficult for the court to put a monetary value on the deprivation of an opportunity to practice one's religion. However, because this deprivation was apparently an isolated incident and Vanscoy offered no evidence of any mental anguish or suffering as a result, and because it does not appear that Vanscoy has otherwise been unconstitutionally denied the opportunity to practice his religion, the court believes that $50 will adequately compensate him for his injury.*

An appropriate judgment will be entered.

---

* There being no showing that Hicks acted maliciously or wantonly, punitive damages are not warranted in this case. *Stachura,* 477 U.S. at 305–08 n. 9, 106 S.Ct. at 2542–43 n. 9.